James F. Sullivan (JS 3099)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:	(212) 374-0009
F:	(212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA REYES,

                Plaintiff,

-against-

RICHARD BUSES INC. and
FIRST STEPS TRANS., INC.,

                Defendants.

Case No.

**COMPLAINT**

---

Plaintiff, MARIA REYES ("Plaintiff"), by and through her undersigned attorneys, Law Offices of James F. Sullivan, P.C., file this Complaint against Defendants, RICHARD BUSES INC. and FIRST STEPS TRANS., INC. (collectively, "the Defendants"), and state as follows:

### INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), she is entitled to recover from the Defendants: (1) unpaid wages at the minimum wage rate; (2) unpaid wages at the overtime rate for all work hours over forty (40) hours in a work week; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she is entitled to recover from the Defendants: (1) unpaid wages at the minimum wage rate; (2) unpaid

wages at the overtime rate for all work hours over forty (40) hours in a work week; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff MARIA REYES is an adult resident of Bronx County, New York.

6. Upon information and belief, Defendant RICHARD BUSES INC. is a domestic business corporation, organized and existing under the laws of the State of New York with a place of business at 48 Hinton St, Staten Island, New York, 10312.

7. Upon information and belief, Defendant FIRST STEPS TRANS., INC. is a domestic business corporation, organized and existing under the laws of the State of New York with a place of business at 2859 West 37th Street, Brooklyn, New York, 11224.

8. At all relevant times, RICHARD BUSES INC. and FIRST STEPS TRANS., INC., were and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by RICHARD BUSES INC. and FIRST STEPS TRANS., INC.

10. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff for all hours worked and wages at the overtime rate for all hours worked over forty (40) hours in a work week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

11. From in or about December 2015 until on or about April 15, 2020, Plaintiff was employed by Defendants as a bus monitor.

12. During her employment by Defendants, Plaintiff worked five days a week, approximately 47.5 hours per week.

13. Plaintiff's schedule was Monday through Friday from 6:30 a.m. to 10:30 a.m. and 1:00 p.m. to 6:30 p.m.

14. Throughout her employment by Defendants, Plaintiff was compensated a day rate of $75.00 in 2015 to 2017, $78.00 in 2018, and $80.19 per day in 2019 to 2020.

15. Plaintiff regularly worked over forty (40) hours per week.

16. For instance, for the week of April 27, 2019 to May 3, 2019 Plaintiff worked forty-seven and a half (47.5) hours. Plaintiff was paid $400.95 for the week. Plaintiff should have been paid $768.75 for all hours worked, including the overtime premium.

17. Defendants' failed to pay Plaintiff for all hours worked, failed to pay Plaintiff at the minimum wage rate and failed to pay Plaintiff an overtime premium for hours worked in excess of forty (40) per week.

18. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff for all hours worked, wages at the minimum wage rate and overtime wages for the total hours worked over forty (40) in a workweek, in violation of the FLSA, NYLL and the supporting Federal and New York State Department of Labor Regulations.

19. Plaintiff was not provided with a wage notice pursuant to NYLL §195(1) by Defendants within 10 days of the start of her employment, nor any time thereafter.

20. Plaintiff never received proper wage statements pursuant to NYLL §195(3).

21. Plaintiff has been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIMS

### COUNT 1

### [Violation of the Fair Labor Standards Act]

22. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "21" of this Complaint as if fully set forth herein.

23. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

24. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of five hundred thousand dollars ($500,000.00).

25. Plaintiff was entitled to be paid wages at the minimum wage rate for all hours worked and overtime rate for all hours worked over forty (40) hours in week at the overtime wage rate as provided for in the FLSA.

26. At all relevant times, each of the Defendants had a policy and practice of refusing to pay Plaintiff at the minimum wage rate and overtime rate for all hours worked over forty (40) hours in week which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

27. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by Defendants' failure to compensate Plaintiff wages at the minimum wage rate and wages at the overtime rate for all hours worked over forty (40) hours in week when they knew or

should have known such was due and that non-payment of wages at the minimum wage and failure to pay the overtime rate would financially injure Plaintiff.

28. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

29. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

30. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

31. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

32. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid wages at the overtime wage rate, an equal amount as liquidated damages, and prejudgment interest thereon. Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Violation of the New York Labor Law §§ 190 et. al.]

33. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "32" of this Complaint as if fully set forth herein.

34. The wage provisions of the NYLL apply to the Defendants and protect the Plaintiff.

35. Defendants, pursuant to their policies and practices, refused and failed to pay Plaintiff a wage at the minimum wage rate for all hours worked and the overtime wage rate for all hours worked over forty (40) hours in week.

36. By failing to lawfully compensate the Plaintiff, Defendants violated Plaintiff's statutory rights under the NYLL.

37. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

38. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants her unpaid wages, unpaid minimum wages and overtime wages for all hours worked over forty (40) in a work week, reasonable attorney's fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1) and § 198.

## COUNT 3

### [Failure to provide a Wage Notice]

39. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "38" of this Complaint as if fully set forth herein.

40. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

41. Defendants have willfully failed to supply Plaintiff with a wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of Plaintiff's employment.

42. Through their knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

43. Due to Defendants' willful violations of the NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiff with a wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6§198(1-b).

## COUNT 4

### [Failure to provide Wage Statements]

44. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "43" of this Complaint as if fully set forth herein.

45. Defendants have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

46. Through their knowing or intentional failure to provide the Plaintiff with a wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

47. Due to Defendants' willful violation of NYLL Article 6, §195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty ($250.00) dollars each day that Defendants failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MARIA REYES, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid wages at the minimum wage rate and unpaid overtime wages for all hours worked over forty (40) in a work week due under the FLSA;

(b)     An award of liquidated damages as a result of Defendants' failure to pay wages for all hours worked and overtime wages pursuant to 29 U.S.C. § 216;

(c)     An award of unpaid wages at the minimum wage rate and at the overtime rate for all hours worked over forty (40) hours in a work week pursuant to the NYLL;

(d)     An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages for all hours worked at the minimum wage rate, wages at the overtime rate for all hours worked over forty (40) hours in a work week, failure to provide wage notices, and failure to provide wage statements pursuant to the NYLL;

(e)     An award of prejudgment and post-judgment interest;

(f)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       June 25, 2021                            Respectfully submitted,

                                        By:_____*James F. Sullivan*_____
                                            James F. Sullivan
                                            Law Offices of James F. Sullivan, P.C.
                                            52 Duane Street, 7th Floor
                                            New York, New York 10007
                                            T:      (212) 374-0009
                                            F:      (212) 374-9931
                                            *Attorneys for Plaintiff*
                                            jsullivan@jfslaw.net